**Carlos FLORES–CRUZ, aka Denis Menardo Cruz–Aguilar aka Denis Menardo Cruz–Flores, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–75194.**

United States Court of Appeals, Ninth Circuit.

Argued and submitted July 16, 2008.

Submission withdrawn July 21, 2008.

Resubmitted April 23, 2009.

Filed April 27, 2009.

Adrian F. Davis, Esquire, Matthew Douglas Harrison, Esquire, Latham & Watkins, LLP, San Francisco, CA, for Petitioner.

John R. Cunningham, Esquire, OIL, DOJ—U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and BERTELSMAN *, District Judge.

### MEMORANDUM **

Carlos Flores–Cruz appeals a decision of the Board of Immigration Appeals ("BIA") reversing a grant of asylum by the Immigration Judge ("IJ") on the ground that Honduran street children do not constitute a "particular social group" under 8 U.S.C. § 1101(a)(42)(A). Flores–Cruz argues that the government conceded that Honduran street children form a "particular social group," that this issue was not properly before the BIA, and that he was not given an opportunity to address this issue. He also argues that the BIA erred in determining that Honduran street children do not form a "particular social group" and that persecution and fear of persecution resulting from his membership in that group entitle him to asylum.

The BIA first reversed the IJ's decision in a September 2003 order stating that "even if" Honduran street children constitute a particular social group, Flores–Cruz is not entitled to asylum. *In re Carlos Flores–Cruz*, No. A95 281 982, Phoenix (Sept. 24, 2003). Flores–Cruz petitioned for review by the Ninth Circuit. The government moved to remand so that the BIA, *inter alia*, could "address" more clearly the IJ's finding that "the particular social group of 'abandoned street children' are subject to a pattern and practice of persecution." Respondent's Motion for Remand and for Stay of the Briefing Schedule, No. 03–73885 (9th Cir. May 6, 2004). The Ninth Circuit granted the motion. *Flores–Cruz v. Ashcroft*, Order

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.

Granting Remand, No. 03–73885 (9th Cir. Nov.1, 2004). On remand, the BIA issued the order now on appeal. *In re Carlos Flores–Cruz*, No. A95 281 982, Phoenix (Aug. 2, 2005).

The government's motion to remand so that the BIA could "address" the IJ's finding did not amount to a concession that Honduran street children form a particular social group. Our order stated only that the motion to remand to the BIA "for further consideration is granted." This broad language did not exclude any issue from reconsideration, and therefore the question of whether Honduran street children form a "particular social group" was properly before the BIA.

Flores–Cruz argued that Honduran street children form a "particular social group" in its initial brief before the BIA and, on remand, did not seek leave to file supplemental briefing on this issue. As part of its *de novo* review, this court received briefs and heard oral argument on this issue. Flores–Cruz's argument that he was not given an opportunity to address this issue fails.

We recently held that "young men in El Salvador resisting gang violence" lacked the "particularity" and "social visibility" necessary to form a "particular social group" under § 1101(a)(42)(A). *Santos–Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir.2008); *see also Ramos–Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir.2009) (holding that young Honduran men who resist gang recruitment do not constitute a particular social group). This decision was premised in part on two BIA decisions. In *Matter of S–E–G*, 24 I & N Dec. 579 (BIA 2008), the BIA concluded that "El Salvadoran youths who resisted gang recruitment" did not constitute a "particular social

group." Similarly, in *Matter of E–A–G*, 24 I & N Dec. 591 (BIA 2007) [1], the BIA held that "young persons who are perceived to be affiliated with gangs" and "persons resistant to gang membership" do not constitute "particular social groups" in Honduras.

Applying these precedents, we hold that the BIA properly held that Honduran street children do not form a "particular social group" under § 1101(a)(42)(A). Because they age out of the group and plausibly could relocate out of the cities where they are targeted, street children lack a " 'common, immutable characteristic ... that members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences.' " *Matter of S–E–G*, 24 I & N Dec. at 583 (quoting *Matter of Acosta*, 19 I & N Dec. 211, 233 (BIA 1985)). While "Honduran street children" may have greater particularity than the young men who resisted gang violence in *Santos–Lemus*, they are nevertheless "too loosely defined" to meet the particularity requirement. 542 F.3d at 745.

Because we conclude that Honduran street children do not form a "particular social group," Flores–Cruz cannot seek asylum under § 1101(a)(42)(A) based on persecution or fear of persecution resulting from his membership in that group.

PETITION DENIED.

---

1. Although the opinion is dated 2007, this appears to be a typographical error, since it was published as a companion to *Matter of S–* *E–G* in 2008. *See Matter of E–A–G*, 24 I & N Dec. at 593.